| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| LANCE CHRISTOPHER WOODWARD, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:19-CV-106 |
| § | |
| DIRECTOR, TDCJ-ID, § | |
| § | |
| Respondent. § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Lance Christopher Woodward, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for possessing methamphetamine in an amount greater than four grams and less than 200 grams.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner was sentenced to 40 years of imprisonment. He pled true to the enhancement paragraph of his indictment, which alleged he had a prior conviction for possession of a controlled substance. Under Section 12.42(b) of the Texas Penal Code, the prior conviction enhanced petitioner's offense to a first degree felony.[1] As his first objection, petitioner contends the enhancement was improper. He states that under Section 12.42, his offense could not have been

---

[1] Section 12.33 of the Penal Code provides that a person convicted of a second degree felony is subject to a range of punishment of not more than 20 years of imprisonment and not less than 2 years. Section 12.32 provides that a person convicted of a first degree felony is subject to a range of punishment of not more than 99 years of imprisonment and not less than five years.

enhanced because he did not commit a state jail felony under the circumstance described in Section 12.35 of the Penal Code. Petitioner also faults counsel for failing to argue his sentence was improper.

Section 12.35(c) provides that if a deadly weapon was involved in the offense, or if the person has previously been convicted of certain offenses, a state jail felony offense is increased to a third degree felony. However, petitioner was not convicted of a state jail felony offense. Under Section 481.115(d) of the Texas Health and Safety Code, possession of a controlled substance which weighs at least four grams but less than 200 grams is a second degree felony. Section 12.42(b) provides that if a person has a previous felony conviction other than a state jail felony, the person, upon conviction for a second degree felony, shall be subject to the punishment allowed for a first degree felony.

As petitioner was convicted of a second degree felony, and had previously been convicted of a felony other than a state jail felony, he was properly sentenced as if he had been convicted of a first degree felony. Accordingly, the court did not err in imposing sentence and petitioner's counsel was not ineffective for failing to argue the sentence was improper. Petitioner's objections regarding his sentence are therefore without merit.

Petitioner's first three grounds for review are based on alleged violations of the Fourth Amendment. In his second and third objections, petitioner continues to assert the admission of certain evidence violated the Fourth Amendment. However, the magistrate judge correctly stated that Fourth Amendment claims may not be asserted in a federal habeas proceeding so long as the petitioner had a full and fair opportunity to present Fourth Amendment claims in state court. *Cobb v. Thaler*, 682 F.3d 364, 375 (5th Cir. 2012) (citing *Stone v. Powell*, 428 U.S. 465, 482 (1976)). As petitioner filed a motion to suppress and an amended motion to suppress, and challenged the search of his vehicle on appeal, he had a full and fair opportunity to present his Fourth Amendment claims in state court. His objections on this point are therefore without merit.

As one of his grounds for review, petitioner asserts his counsel was ineffective because he should not have allowed the contraband to be admitted without the court making a determination as to whether his detention after the traffic stop of his vehicle was unlawful. The magistrate judge concluded petitioner had not demonstrated counsel's performance with respect to this ground for review fell below an objective standard of reasonableness or caused prejudice.[2]

In his final objection, petitioner asserts again that counsel should have filed a motion to suppress. However, as the magistrate judge stated, counsel filed a motion to suppress and an amended motion to suppress, the latter of which asserted the contraband was not admissible because both the initial stop of the vehicle, as well as petitioner's continued detention after the stop, violated the Fourth Amendment. Further, counsel objected at trial to the admission of the contraband and argued on appeal that the length of petitioner's detention violated the Fourth Amendment. Petitioner has made no attempt to describe what additional arguments counsel should have made to prevent the contraband from being admitted. The magistrate judge's conclusion regarding this ground for review was therefore correct and this objection is without merit.

## ORDER

Accordingly, the objections filed by petitioner (#24) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#22) is **ADOPTED**. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal

---

[2] To prevail on an ineffective assistance of counsel claim, a petitioner must show his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687-93 (1984)). To establish deficient performance, a petitioner must show counsel's representation fell below an objective standard of reasonableness. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To show prejudice, a petitioner must show there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner is not required to establish that he would prevail on the merits.  Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues he raised are subject to debate among jurists of reason.  The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 15th day of February, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE